UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:26-cv-00476

**Florida Sunshine Stanford,**
*Plaintiff,*
v.
**State of Texas et al.,**
*Defendant.*

# ORDER

Plaintiff, proceeding pro se, filed this action against defendants for numerous claims, including a violation of the Tucker Act, civil conspiracy, and for wrongful foreclosure. Doc. 1. The case was referred to a magistrate judge, who issued a report and recommendation. Doc. 6. Plaintiff has filed objections to the report. Doc. 9. The court finds that plaintiff's objections lack merit.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

First, plaintiff objects to the report's finding that plaintiff failed to identify a specific government action or contract supporting a Tucker Act claim. Plaintiff argues that the report "overlooked the specific federal nexus that runs through this case." Doc. 9 at 2. But under the Tucker Act, this court only has jurisdiction over claims "against the United States." 28 U.S.C.

§ 1346(a)(2). The United States is not a listed defendant to this case. Thus, the court lacks jurisdiction over this claim.

Second, plaintiff objects to the report's finding that plaintiff failed to identify specific constitutional violations by state actors under 42 U.S.C. §§ 1983, 1985, and 1986. Doc. 9 at 3.

Plaintiff's § 1983 arguments are unavailing. Plaintiff's claims against defendant Judge Benjamin Smith, a Collin County judge, relate to his summary judgment order that foreclosed on plaintiff's property, his denial of temporary restraining orders, and his refusal to recuse himself from the case. *Id.* at 3–4. Plaintiff seeks to void Judge Smith's state court orders through a civil-rights action. *Id.* at 4. But this court lacks jurisdiction to entertain such collateral attacks on state-court judgments under the *Rooker-Feldman* doctrine. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). So "[c]onstitutional questions arising in state proceedings," like plaintiff's due process claims against Judge Smith, "are to be resolved by the state courts" and not a federal district court. *Liedtke*, 18 F.3d at 317. This court thus lacks jurisdiction over plaintiff's § 1983 claims against Judge Smith because they are "inextricably intertwined" with the judgment of a state court. *Id.* at 318.

Plaintiff also sues the State of Texas under § 1983, but Texas has not waived its sovereign immunity for § 1983 claims. *See Ni-Gen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Therefore, plaintiff's claim against the State of Texas fails.

Next, plaintiff's §§ 1985 and 1986 claims also fail. Plaintiff's § 1985 conspiracy claim must be dismissed because plaintiff has not stated a viable claim that her constitutional rights were violated. Thus, plaintiff has failed to demonstrate the second element of § 1985(3)—that a conspiracy involving two or more persons

exists "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws." 42 U.S.C. § 1985(3). And because a § 1986 action for neglecting to prevent a known conspiracy depends on the successful pleading of a § 1985 claim, plaintiff's § 1986 action must also be dismissed. *See Hamilton v. Chaffin* 506 F.2d 904, 914 (5th Cir. 1975).

Third, plaintiff objects to the report's finding that plaintiff failed to state a claim under the Federal Debt Collection Practices Act (FDCPA) against defendants Fay Servicing LLC and McCarthy & Holths LLP. Doc. 9 at 4–5. The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). But Fay Servicing, LLC is a mortgage servicer, which is not a debt collector within the meaning of the FDCPA. *See Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. Appx. 424, 428 n.1 (5th Cir. 2012) (per curiam) (unpublished). And plaintiff fails to allege facts suggesting that McCarthy & Holths LLP, a law firm, meets the statutory definition of a debt collector. *See* 15 U.S.C. § 1692a(6). So plaintiff has not stated a claim under the FDCPA.

Fourth, contrary to plaintiff's objection (Doc. 9 at 5), the Truth in Lending Act claim must be dismissed for being conclusory. Plaintiff alleges that "U.S. Bank Trust, as purported current holder of the loan, is liable for the TILA violations of its predecessor in interest to the extent provided by law." Doc. 10 at 11. This allegation will not suffice because it is a legal conclusion. "[R]egardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions'" are insufficient. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citation omitted).

Fifth, plaintiff's remaining objections relate to claims brought under state law. Doc. 9 at 6–8. Because plaintiff's federal claims are subject to dismissal, the court declines to exercise its supplemental jurisdiction over plaintiff's state-law claims. 28 U.S.C.

§ 1367; *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining that the general rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed").

Lastly, plaintiff requests to amend her complaint. Doc. 9 at 8–9. Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The district court, however, can deny leave if amendment is futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). The Fifth Circuit has stated that amendment is futile when "the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (per curiam) (citation omitted). The court has reviewed plaintiff's amended complaint (Doc. 10) and finds that leave to amend would be futile. The court thus denies plaintiff's request.

Having reviewed the magistrate judge's report de novo and being satisfied that it contains no error, the court overrules plaintiffs' objections and accepts the report's findings and recommendations. Considering plaintiff's amended complaint (Doc. 10) as futile, the court dismisses this action without prejudice for failure to state a claim. Any pending motions are denied as moot.

*So ordered by the court on September 10, 2026.*

J. CAMPBELL BARKER
United States District Judge