UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:26-cv-00476

**Florida Sunshine Stanford,**
*Plaintiff,*
v.
**State of Texas et al.,**
*Defendant.*

# ORDER

The court dismissed plaintiff's complaint for failure to state a claim. Doc. 12. Plaintiff then appealed the judgment to the U.S. Court of Appeals for the Fifth Circuit, Doc. 15, and moved to proceed in forma pauperis on appeal. Doc. 16. The court referred plaintiff's motion to a magistrate judge, who issued a report recommending that the motion be denied. Doc. 18. Plaintiff filed timely objections. Docs. 19, 20. Plaintiff's objections lack merit.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

Title 28 U.S.C. § 1915(a)(3) provides that leave to proceed in forma pauperis on appeal shall be denied if the court determines that the appeal is not taken in good faith—in other words, if the appeal fails to present a non-frivolous issue. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An action "is frivolous where it

lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Similarly, under Federal Rule of Appellate Procedure 24(a)(3)(A), an applicant is ineligible for pauper status if the court certifies that the appeal is not taken in "good faith." An appeal is not taken in good faith if the district court finds no "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam) (citation omitted).

Plaintiff's objections restate her claims but do not specifically address the magistrate judge's grounds for recommending denial. As such, plaintiff's objections are improper.

In any event, for the reasons previously set out by this court, Doc. 12, plaintiff has not made a non-frivolous argument about the merits of her claims to raise on appeal. Accordingly, the court certifies that plaintiff's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997) (explaining that a district court may incorporate by reference its order dismissing an appellant's claims to comply with Rule 24 and to inform the court of appeals of the reasons for its certification).

The court overrules plaintiff's objections (Doc. 16) and accepts the magistrate judge's recommendation (Doc. 18) to deny plaintiff's motion to proceed in forma pauperis on appeal. The clerk of court shall furnish a copy of this order to the Fifth Circuit pursuant to Rule 24(a)(4). Plaintiff may file a separate motion to proceed in forma pauperis on appeal with the clerk of court for the Fifth Circuit within 30 days of this order. *Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

*So ordered by the court on October 14, 2026.*

J. CAMPBELL BARKER
United States District Judge